UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEETU LOBO,<br><br>        Plaintiff,<br><br>    v.<br><br>AIR-INDIA LTD., et al.,<br><br>        Defendants. | Case No. 20-cv-08790-WHO<br><br>**ORDER ON MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 11, 12 |

      Plaintiff Neetu Lobo ("Lobo") sues Air India Limited and her former supervisor Anju Sahani for sixteen employment-related claims. For the reasons discussed below, defendants' motions to dismiss are GRANTED in part and DENIED in part. Lobo is given leave to amend to attempt to allege and to clarify the bases for the dismissed claims.

## BACKGROUND

      Lobo was an employee of defendant Air India Ltd. ("Air India") from July 2016 to August 2020, working as a Passenger and Cargo Reservations/Ticket Agent. Complaint ("Compl.") [ Dkt. No. 1] ¶¶ 13, 36. While her original term of employment was for one year, Compl. ¶ 13, Ex. A, her contract was extended in June 2017 through July 2019 and then through July 2020. *Id*. ¶¶ 17, 31.

      Lobo's office hours were 9:00 a.m. to 5:00 p.m., but "when required" she was directed to work from 6:00 a.m. to 9:00 a.m. at home using her personal cell phone: Air India did not cover her cell phone expenses or pay her for these extra hours. *Id*. ¶¶ 15, 18, 19. In 2018, her schedule changed, but she was still required to use her own cell phone and to work after her "office hours" without compensation. *Id*. ¶ 20. During her period of employment, Lobo alleges that she was never given any uninterrupted lunch time and was not compensated for the missed break times. *Id*. ¶ 21.

      Defendant Anju Sahani became Lobo's manager at the end of December 2019. *Id*. ¶ 22. When the COVID-19 pandemic started, Lobo requested PTO on or about March 13, 2020 for one week but was mocked for her request by Sahani. *Id*. ¶ 23. Around this time, Lobo alleges that unspecified "harassing and threatening behavior" by Sahani started. *Id*. ¶ 24. In early May 5, 2020, Lobo worked "tirelessly and incessantly" to help Air India book and manage four evacuation flights, incurring overtime and receiving no lunch breaks. *Id*. ¶ 25. At that time, Sahani "reprimanded" Lobo and commented that she knew Lobo's contract was up for renewal in July 2020. *Id*. ¶¶ 25, 32. In June 2020, Lobo demanded compensation for her overtime hours worked during May 2020. Sahani "was not happy with" that demand and asked Lobo to reduce her overtime hours from 120 hours to 49 hours, but Lobo refused. *Id*. ¶ 26. Sahani retaliated against Lobo by requiring Lobo to end working from home and work instead from the office. *Id*. ¶¶ 28-30. On Sahani's instructions, on July 10, 2020 Lobo's employment was extended only by one month, from July 2020 through August 2020. *Id*. ¶ 33. Lobo complained to Air India's senior management in New York about Sahani's harassing and discriminatory behavior and the unpaid work, and asked that her contract be extended. *Id*. ¶¶ 33-34. Lobo was then terminated effective August 10, 2020. *Id*. ¶ 36.

      On the basis of these allegations, Lobo pleads sixteen causes of action: (i) failure to pay minimum wage under California Labor Code §§ 223, 1182, 1197, *et seq*.; (ii) failure to pay overtime under Cal. Lab. Code §§ 218, 218.6, 510, 1194, *et seq*.; (iii) failure to provide rest periods under Cal. Lab. Code § 226.7; (iv) failure to provide adequate meal periods under Cal. Lab. Code §§ 226.7, 512; (v) failure to pay wages under of Cal. Lab. Code §§ 204, 210; (vi) failure to furnish accurate wage statements under Cal. Lab. Code § 226(a)(e); (vii) unfair competition under Cal. Business and Profession Code §17200-17208 (UCL); (viii) failure to provide employee records under Cal. Lab. Code §226 *et seq*.; (ix) failure to provide paid sick leave under Healthy Workplaces, Healthy Families Act of 2014; (x) liquidated damages under Cal. Lab. Code §1194.2; (xi) failure to indemnify for expenses and losses in discharging duties under Cal. Lab. Code § 2802; (xii) failure to pay wages upon termination under Cal. Lab. Code §§ 201, 202, 203; (xiii) retaliation under Cal. Lab. Code § 98.6; (xiv) constructive dismissal and wrongful

termination in violation of public policy; (xv) intentional infliction of emotional distress; (xvi) discrimination in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900 *et seq*. Compl. ¶¶ 56-143. Each of these causes of action is alleged against both Air India and Sahani.

Lobo originally filed this action in San Francisco Superior Court. Defendant Air India removed it to this court on the basis of original jurisdiction under 28 U.S.C. § 1441(d), asserting that Air India is an instrumentality of a "foreign state" as defined by 28 U.S.C. § 1603. Notice of Removal, Dkt. No. 1, ¶ 5. Both defendants move to dismiss Lobo's claims, with Sahani moving to dismiss all claims and Air India moving to dismiss all claims except cause of actions two through five, seven, and twelve. Sahani Motion to Dismiss ("Mot.") [Dkt. No. 11] at 2; Air India Mot. to Dismiss [Dkt. No. 12] at 2. Lobo filed a single opposition in response to Sahani's motion to dismiss. Opposition [Dkt. No. 13]. Both Air India and Sahani filed replies to Lobo's Opposition. Sahani Reply [Dkt. No. 14]; Air India Reply [Dkt. No. 15]. Counsel for Lobo then filed a declaration clarifying that filing a single opposition had been a mistake and requested that the court consider it a joint opposition to both motions to dismiss. Declaration of Mahesh Bajoria [Dkt. No. 17].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding a motion to dismiss for failure to state a claim, the court accepts all of the

3

factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**DISCUSSION**

**I.    AIR INDIA'S MOTION TO DISMISS**

Initially, Lobo does not dispute that India owns a majority of Air India's "capital shares," and therefore Air India is an instrumentality of a foreign state under the 28 U.S.C. § 1603(a). Nor does she dispute that as an instrumentality of a foreign state, Air India was entitled to remove this case from state court under 28 U.S.C. § 1441(d). Further, both sides agree that Air India's conduct alleged in her complaint falls within the "commercial activity" exception of the Foreign Sovereign Immunities Act, 8 U.S.C. § 1605 (FSIA).

In her opposition – and not in a separate motion – Lobo argues in passing that this case should be remanded for lack of jurisdiction because Sahani is resident in California and as Air India has "no immunity" because it was acting as a "California business entity." Oppo. at 9, 12. However, as this case was not removed on diversity jurisdiction but under original jurisdiction, Sahani's citizenship is irrelevant. Further, while Lobo submits that Air India's California corporate "status" was forfeited by the California Franchise Tax Board in 2018, it is unclear what she seeks by pointing this out. Her ultimate position is that Air India should be liable for her wage and hour and discrimination claims under the "commercial activity" exception to the FSIA which, as noted, is not contested by Air India. Reply at 3. There is no basis for a remand.

On the merits of its motion, Air India argues that Lobo's first, sixth, eighth, ninth, tenth, and thirteenth through sixteenth causes of action must be dismissed. Air India challenges the first cause of action (violation of California Labor Code sections 223, 1182, 1197 for failure to pay required minimum wage), because by Lobo's own admissions in the Complaint, she was always

4

paid an hourly wage in excess of California's minimum wage requirements. Mot. at 6-7. However, Lobo alleges that she was not actually paid for all of the hours she worked, considering the hours she was required to work outside of the office but not compensated for, and that when those hours are considered, her wage rate fell below the applicable rate or rates. That issue cannot be resolved on the basis of Lobo's allegations. Air India's motion to dismiss Lobo's first cause of action is DENIED.[1]

Air India also argues that Lobo's sixth and eighth causes of action arising under Section 226 of the Labor Code (for failure to provide accurate wage statements and failure to turn over Lobo's employee file) must be dismissed because as an instrumentality of a foreign state under 28 U.S.C. § 1603(a), it is a "governmental entity" to whom Section 226 does not apply.[2] It is undisputed that Air India is an "instrumentality" of India, and therefore was entitled to remove this case. But it is unclear whether Air India qualifies as a "governmental entity" that would be exempt from Section 226's requirements as contemplated by the California legislature when operating as a commercial air carrier. Air India provides no case authority or legislative history (of either Section 226 of the California Labor Code or under the FSIA) to support its argument. Absent any further support, I will not dismiss the Section 226 claims at this juncture.

Air India challenges the ninth cause of action – for failure to provide "sick leave" under the Healthy Families, Healthy Workplace Act of 2014, California Labor Code section 245 *et seq.* – arguing that the HFHW Act does not provide a private right of action and Lobo has not alleged she requested and was denied "sick leave." Moreover, it is unclear whether Lobo intends to pursue this claim. As Air India points out, this cause of action references a "he" who suffered "chest pain" and was denied medical treatment – facts not applicable to this case. Compl. ¶¶ 91-92. Lobo does not address this cause of action in her Opposition.

---

[1] It is, however, unclear whether Lobo seeks liquidated damages related to the failures to pay required minimum wages. In her Tenth Cause of Action seeking liquidated damages, the references are to a "he" and the alleged dates of employment are different than those alleged for Lobo. Compl. ¶¶ 96-97. On amendment, Lobo shall clarify whether she seeks liquidated damages in this case and, if so, the bases for that claim.

[2] *See* Cal. Lab. Code § 226(i) ("This section does not apply to the state, to any city, county, city and county, district, or to any other governmental entity").

Air India is correct that courts have concluded that there is no stand-alone cause of action under the HFHW Act, but they do recognize that a claim for violation of the Act may be raised under other provisions of the Labor Code or under the UCL. *See, e.g., Diaz v. Rescare Inc.*, 4:20-CV-01333 YGR, 2020 WL 6270934, at *3 (N.D. Cal. Oct. 26, 2020) (dismissing stand-alone claim under HFWA but allowing leave to amend "to state a claim against defendants arising out of their alleged denial of paid sick leave . . . under any other statute that could serve as a vehicle, including any other applicable provisions of the California Labor Code, including, but not limited to, California Labor Code section 233."). Air India's motion to dismiss the stand-alone HFHW Act is GRANTED, but Lobo is given leave to amend to clarify whether she claims a denial of sick leave under other laws providing a private right of action and to state facts supporting that claim.[3]

Air India argues that the eleventh cause of action – seeking indemnity for Lobo's cell phone, computer, and other work at home expenses under Labor Code section 2802(a) – is not sufficiently alleged. It argues that under *Herrera v. Zumiez, Inc.*, 953 F.3d 1063 (9th Cir. 2020), Lobo needs but has failed to allege specific facts regarding Air India's alleged policy that required her to use her personal cell phone and what costs she incurred as a result of that policy. *Id.* at 1078 (remanding with leave to amend where, "Herrera alleged that phone calls pursuant to the Call-In policy were required and occurred when employees were not at the workplace. Although that suggests that she may have been required to use a personal cell phone and incur related costs, Herrera failed to include specific, non-conclusory facts about how she made the calls or what costs she incurred.").

Lobo alleges that Air India required her to make calls outside of her normal office hours and that she specifically used her cell phone to do so. *See, e.g.*, Compl. ¶ 15 (plaintiff "was directed to work extra hours for the airport ticketing office from 6.00 am to 9.00 am while at home. During this time, PLAINTIFF used her own cell phone for the purpose of business of AIR-INDIA."). These allegations are sufficient at this juncture.

---

[3] Air India also questions whether Lobo is attempting to allege a federal Family and Medical Leave Act (FLMA) claim or California Family Rights Act (CFRA) claim. Air India Mot. at 10. On amendment, Lobo must specify the statutory bases of any claim for a denial or infringement of her ability to accrue, claim, or otherwise use her sick time as well as facts in support of that claim.

Air India attacks Lobo's retaliation and constructive discharge in violation of California law and public policy claims – the thirteenth and fourteenth causes of action – arguing that those claims cannot be asserted against a "public entity" like Air India (as it is an instrumentality of a foreign state) and because a contract employee like Lobo cannot assert these claims based on Air India's failure to renew her contract.  However, Lobo's retaliation claim is based on Labor Code section 98.6.  Compl. ¶¶ 118-119.  That section prohibits retaliation against employees who seek full compensation for hours worked.[4]  Assuming without deciding that Lobo was employed under a "fixed-term contract," the decision in *Touchstone TV Productions v. Super. Ct*., 208 Cal. App. 4th 676 (Cal. App. 2d Dist. 2012), does not preclude a claim based on that Labor Code provision. *See id.* at 682 (dismissing a tortious termination in violation of public policy claim where plaintiff's fixed-term contract was finished but not renewed, but allowing plaintiff leave to amend to allege a statutory basis for the retaliation claim).

Lobo's wrongful termination in violation of public policy claim sounds in tort and may be barred if Lobo's final period of employment was under a fixed-term contract. *See id*.  That issue was not addressed by Lobo in her opposition and is simply assumed by Air India.  But Air India's own documents (attached to the Complaint or submitted by Air India in support of its motion to dismiss) call into question the existence of a fixed-term employment contract for Lobo's final period of employment.[5]  At this juncture and on this record, the motion to dismiss this claim based on the existence of a fixed-term contract is DENIED.

Similarly, while Air India argues that the public policy claim cannot be asserted against a government entity, Air India simply assumes that its status as an instrumentality of a foreign state brings it within California's statutory protections for public entities against common law torts.  *See Miklosy v. Regents of U. of California*, 44 Cal. 4th 876, 899 (2008) (recognizing the California Government Code precludes "common law tort liability for public entities").  Without apposite

---

[4] Cal. Lab. Code § 98.6(a) ("A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter").

[5] *See, e.g., Compl*., Ex. D; Declaration of Rina Devas (Dkt. No. 11-1), Ex. D.

case law or statutory support extending the California Government Code's protections against common law tort liability to instrumentalities of a foreign state operating in California in a commercial capacity, this claim will not be dismissed on this ground at this juncture.

Turning to Lobo's claim for intentional infliction of emotional distress (IIED, fifteenth cause of action), Air India contends that she fails to allege facts plausibly showing the required "extreme and outrageous" intentional conduct. To state a claim for "intentional infliction of emotional distress a plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Trerice v. Blue Cross of California*, 209 Cal. App. 3d 878, 883 (Cal. App. 1st Dist. 1989). To be "outrageous," the alleged conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Id.*

Lobo alleges that: (i) Air India and Sahani required her to work from the office during the COVID-19 pandemic, when that work could have been done from home; (ii) they did so because Lobo refused to reduce her overtime compensation request; and (iii) Sahani threatened Lobo with non-renewal of her employment contract for the same reason. Compl. ¶ 128. While these allegations plausibly support that Lobo was subject to retaliation when forced to come into work and end working from home and threatened with non-contract renewal unless she reduced her request for overtime compensation, they do not on their face amount to extreme and outrageous conduct required to support an IIED claim. Nor do the other vague references in the Complaint of Sahani "harassing" and "intimidating" Lobo plausibly plead extreme and outrageous conduct. Compl. ¶¶ 23-25. The motion to dismiss this claim is GRANTED, but with leave to amend so that Lobo may add facts in an attempt to adequately plead extreme and outrageous conduct.

Finally, Air India moves to dismiss the sixteenth cause of action, alleging that defendants discriminated against her under California's Fair Employment and Housing Act (FEHA) when they refused to allow her to work from home during COVID-19 pandemic because she refused to discount her overtime hours. Compl. ¶ 133. Air India argues that the FEHA claim has not been

1  adequately alleged because there are no allegations in the Complaint that Lobo or anyone in her
2  family suffers from a disability or other protected status that led to Air India's actions.  In her
3  Opposition, Lobo indicates that she wants leave to amend to attempt to assert this claim against
4  defendant Sahani, based on Sahani's "harassment" of plaintiff due to plaintiff's "marital and
5  family" status.  Oppo. at 12.  Air India argues leave to amend should be denied because (i) Sahani
6  is not an appropriate defendant under a FEHA claim in general (addressed below), and (ii) Lobo's
7  allegations would still fail to plausibly plead discrimination based on her marital status, which is
8  required because FEHA's employment protections do not extend to discrimination based solely on
9  family status.  Air India Reply at 5; Sahani Reply at 9.  Given the ambiguity and the early stage of
10 this case, this claim is DISMISSED with leave so that Lobo can clarify the factual bases of this
11 claim and against whom it is alleged.

## II. SAHANI'S MOTION TO DISMISS

Sahani separately moves to dismiss, raising the same pleading failure arguments have been addressed above.  However, Sahani raises independent arguments contending that because she was Lobo's manager and not her employer, she cannot be liable for the Labor Code violations, the retaliatory discharge claim, or the FEHA discrimination claim.

### A. Labor Code Claims

Lobo alleges each of her causes of action alleging violations of the California Labor Code against both Air India and Sahani.  However, as Lobo admits, Sahani was Lobo's manager as of December 2019.  Compl. ¶ 22.[6]  Sahani argues that as Lobo's manager, Sahani was acting within the scope of her managerial duties for Air India and cannot be liable for the Labor Code violations Lobo alleges.  *See Reynolds v. Bement*, 36 Cal. 4th 1075, 1086 (2205), as modified Sept. 7, 2005, *abrogated on other grounds by Martinez v. Combs*, 49 Cal. 4th 35 (2010) ("[The Industrial Welfare Commission] definition of employer does not impose liability on individual corporate agents acting within the scope of their agency").

---

[6] In Lobo's Complaint there are blanket allegations that Sahani is the "alter ego" of Air India. Compl. ¶ 4.  However, there are absolutely no facts alleged in support and in her Opposition, Sahani does not raise or attempt to support the "alter ego" assertion.

In her Opposition, Lobo fails to address this issue other than to argue that Sahani is liable as a "managing agent" of Air India under California Labor Code section 558.1.  Oppo. at 9-11; Compl. ¶ 10.  That Labor Code provision, titled "Violations of provisions regulating minimum wages, hours, or days of work; nonpayment of wages; persons liable" provides:

> (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.
>
> (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

Cal. Lab Code § 558.1.

The California Supreme Court has explained that "managing agent" is defined "to include only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 566–67 (1999); *see also King v. U.S. Bank Natl. Assn.*, 53 Cal. App. 5th 675 (Cal. App. 3d Dist. 2020), *as modified on denial of reh'g* (Aug. 24, 2020), review denied (Nov. 10, 2020) ("Corporate policy refers to 'the general principles which guide a corporation, or rules intended to be followed consistently over time in corporate operations.'" (quoting *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 167 (2000)).  There are no facts alleged that Sahani – as a manager in San Francisco who came on board in December 2019 – could plausibly be considered an individual with corporate policy-making authority for the whole of Air India.  The Labor Code claims against Sahani, therefore, are dismissed with leave to amend so that Lobo may plead plausible facts showing Sahani could be considered a "managing agent" as contemplated in Section 558.1.[7]

---

[7] Sahani also argues that there is no private right of action under Section 558.1, relying exclusively on unpublished California Superior Court decisions.  However, opinions in this District recognize there is a split of authority on that question.  *See Jacobs v. Sustainability Partners LLC*, 20-CV-01981-PJH, 2020 WL 5593200, at *13 (N.D. Cal. Sept. 18, 2020).  Sahani also argues that 558.1 only allows substitutive liability, relying on one opinion from the Central District of California.

10

### B.     Retaliatory Discharge

Lobo's fourteenth cause of action alleges that she was harassed and threatened with termination or non-renewal of her employment contract by Sahani when Lobo refused to reduce her overtime hours, and then was wrongfully discharged in violation of California public policy. Compl. ¶¶ 26, 32, 123-125.  Separate from the arguments raised by Air India, addressed above, Sahani notes that "a *Tameny* action for wrongful discharge can only be asserted against an employer.  An individual who is not an employer cannot commit the tort of wrongful discharge in violation of public policy; rather, he or she can only be the agent by which an employer commits that tort." *Miklosy v. Regents of U. of California*, 44 Cal. 4th 876, 900 (2008); *Khajavi v. Feather River Anesthesia Med. Group*, 84 Cal. App. 4th 32, 53 (2000).  Lobo's Complaint admits that Sahani was her manager, and all of the documents attached to her Complaint indicate that Air India (operating out of New York) was ultimately responsible for Lobo's employment status.  This claim cannot be asserted against Sahani as a matter of law and is DISMISSED without leave to amend.

### C.     Discrimination Under FEHA

In the sixteenth cause of action, Lobo alleges that Sahani discriminated against her in violation of FEHA by rejecting her request to work from home during the COVID-19 pandemic because Lobo refused to reduce her overtime hours.  Compl. ¶¶ 28-30, 133.  As noted above, this claim fails – whether asserted against Air India or Sahani – because of a failure to adequately plead an actionable basis for an alleged violation of FEHA.  As Lobo requested in her Opposition, this claim is dismissed with leave to amend so that Lobo may more clearly identify the facts and

---

*Plaksin v. NewSight Reality, Inc.*, 2:19-CV-00458-RGK-SS, 2019 WL 4316255, at *5 (C.D. Cal. Apr. 30, 2019); Sahani Reply at 4-5.  Because Lobo must first allege plausible facts to show that Sahani could be considered a managing agent of Air India, I need not reach these arguments now. However, if Lobo attempts to allege plausible facts in support of Sahani's liability under Section 558.1, she should consider that Section 558.1 does not apply to many of the Labor Code violations alleged. *See Rios v. Linn Star Transfer, Inc.*, 19-CV-07009-JSC, 2020 WL 1677338, at *4 (N.D. Cal. Apr. 5, 2020) (noting Section 558.1 does not apply to Labor Code violations under sections 201, 202, 204); *see also Cordell v. PICC Lines Plus LLC*, No. 16-cv-01814-TEH, 2016 WL 4702654, at *8 (N.D. Cal. Sept. 8, 2016) (dismissing with prejudice labor code § 201 claim against individual defendant because Section 201 imposes liability on employers and no "persons acting on behalf of their employer").

11

theory supporting a violation of FEHA against one or both of the defendants.[8]

## CONCLUSION

Air India's motion to dismiss is GRANTED in part and DENIED in part. Lobo is given leave to amend to clarify and attempt to plead facts in support of her (i) ninth cause of action (denial of sick leave), (ii) fifteenth cause of action (IIED), and (iii) sixteenth cause of action (FEHA).

Sahani's motion to dismiss is GRANTED. All of the Labor Code claims are DISMISSED against Sahani, but Lobo is given leave to amend to attempt to plead facts in support of Sahani's potential liability under Section 558.1 for some of those claims. Lobo's fourteenth cause of action for retaliation discharge against Sahani is DISMISSED with prejudice. Lobo's sixteenth cause of action under FEHA against Sahani is DISMISSED with leave to amend.

If Lobo wishes to amend her deficient claims, she must file an amended complaint within twenty (20) days.

**IT IS SO ORDERED.**

Dated: January 26, 2021



William H. Orrick
United States District Judge

---

[8] Sahani does not separately address whether she can be liable for Lobo's seventh cause of action, for violation of the UCL, Cal. Bus. & Prof. Code § 17200 *et seq*. Sahani Mot. at 10, 12. Air India did not challenge this claim in its motion to dismiss. Therefore, the UCL cause of action remains but plaintiff should clarify on amendment whether she intends to assert the UCL against both defendants or only against Air India.